IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GARY ROBERSON, ) | CASE NO. 1:10 CV 2884 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | WILLIAM H. BAUGHMAN, JR. |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |
| Defendant. ) | |

## Introduction

Before me[1] is an action under 42 U.S.C. § 1383(c) by Gary Roberson seeking judicial review of the decision by the Commissioner of Social Security denying his application for supplemental security income ("SSI").[2] After the Commissioner filed an answer[3] and the administrative record,[4] the parties briefed their positions.[5]

---

[1] The parties have consented to my exercise of jurisdiction. ECF # 11.

[2] ECF # 1.

[3] ECF # 8.

[4] ECF # 9.

[5] ECF # 13 (Roberson's fact sheet); ECF # 16 (Roberson's brief); ECF # 17 (Commissioner's brief and charts). A telephonic oral argument has been scheduled. ECF # 18. But, after reviewing the briefs and the record, I have determined that the issues could be more timely adjudicated without oral argument. If any party believes after this decision that oral argument should be conducted, that party may make a motion to alter or amend judgment with a request for such argument.

For the reasons that follow, the decision of the Commissioner is not supported by substantial evidence and, therefore, this case must be remanded.

## Facts

**A.     Findings and decision of the Administrative Law Judge ("ALJ")**

Roberson, who was 49 years old at the time of the hearing in April, 2009, was found to have a limited education and previously worked in unskilled jobs.[6] Medically, the ALJ found that Roberson had the following severe impairments: schizoaffective disorder, obsessive compulsive disorder, HIV, and drug/alcohol abuse.[7] The ALJ specifically decided that Roberson's described conditions did not meet the listings at §§ 12.03, 12.04, or 12.08 but did not address the listing for mental retardation at § 12.05.[8]

On consideration of the record, the ALJ then determined that Roberson had the residual functional capacity ("RFC") to:

> [P]erform medium work as defined in 20 CFR 416.967(c) except that he is limited to understanding, remembering, carrying out non-detailed (no more than 3 step) instructions; able to interact with supervisors; limited to occasional and superficial interaction with the general public, but is not able to work in settings where members of the general public would exceed 5 people.[9]

---

[6] Transcript ("Tr.") at 18.

[7] *Id*. at 13.

[8] *Id*.

[9] *Id*. at 14.

-2-

The ALJ found that Roberson could not perform his past relevant work.[10] Based on the vocational expert's ("VE") response to the ALJ's hypothetical question that Roberson could work as a packer and as an inspector, the ALJ found that Roberson was not disabled and so denied the application for SSI.[11]

**B.     Issues for judicial review**

Roberson here presents four issues for judicial review:

1.  Whether the ALJ's failure to recognize Roberson's borderline IQ as a severe impairment constitutes reversible error requiring remand.

2.  Whether substantial evidence proves that Roberson's mental disorders meet or equal the listings of impairments (12.03, 12.05C and 12.08).

3.  Whether the ALJ's assessment of [Roberson's] mental residual functional capacity is legally sufficient and supported by substantial evidence.

4.  Whether the ALJ erred in his interpretation of the vocational expert's testimony and his reliance upon her testimony to deny a period of disability at step 5 of the sequential analysis process.[12]

## Analysis

**A.     Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

---

[10] *Id.* at 18.

[11] *Id.* at 18-19.

[12] ECF # 16 at 1-2.

-3-

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[13]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[14] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[15]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

---

[13] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[14] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[15] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

**B.      Application of standard**

This case must be remanded because the ALJ did not conduct the mandatory analysis of whether Roberson met the listing for mental retardation at § 12.05; therefore, I will limit my discussion here to that issue.

To meet the listing at § 12.05B, Roberson would need to establish: (1) manifestation of deficits in adaptive functioning prior to the age of 22, and (2) a valid, verbal, performance or full scale IQ score of 59 or less.[16] To meet the listing at § 12.05C, Roberson would need to show: (1) "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports the onset of the impairment before age 22; (2) "[a] valid verbal, performance, or full scale IQ of 60 through 70;" and (3) "a physical or other mental impairment imposing an additional and significant work-related limitation of function."[17]

As has been developed in several recent decisions,[18] the Sixth Circuit's holding in *Abbott v. Sullivan*[19] established as a mandatory procedural requirement that an ALJ provide a discussion in the record of why a claimant with an IQ score under 70 does not meet

---

[16] 20 C.F.R. Pt. 404, Subpt. P, App.1, § 12.05B.

[17] 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C.

[18] *Stearns ex rel. RS v. Comm'r of Soc. Sec.*, No. 1:09-CV-1390, 2011 WL 1097638 (N.D. Ohio March 22, 2011); *Warren ex rel. AF v. Comm'r of Soc. Sec.*, No. 3:09-CV-1453, 2011 WL 1085884 (N.D. Ohio March 22, 2011); *Isham v. Astrue*, No. 3:08-CV-423, 2010 WL 1957362 (E.D. Tenn. Jan. 13, 2010)

[19] *Abbott v. Sullivan*, 905 F.2d 918 (6th Cir. 1990).

the listing at § 12.05. As I discussed in *Stearns v. Commissioner of Social Security*, this requirement cannot be ignored without comment by the ALJ.[20] Rather, when presented with an on-the-record IQ score of below 70, the ALJ must take notice of such a score and then "articulate reasons why such a score does or does not give rise to a finding of disability under the listing."[21]

The record shows – and the ALJ acknowledged – that in 2008 Roberson had two IQ scores below 70.[22] Indeed, one of those scores was a 59.[23] As such, these scores should have triggered an analysis under both §§ 12.05B and 12.05C. Yet, the ALJ, as noted above, pointedly omitted any analysis of whether Roberson met any § 12.05 listing in his discussion at step three.[24]

Next, as regards evidence that demonstrates or supports a manifestation of deficits in adaptive functioning before age 22, the ALJ did not directly address school records that show: (1) Roberson was enrolled in classes for the educable mentally retarded;[25] and (2) he was determined in the 11th grade to have reading and math skills at the third or fourth grade

---

[20] *Stearns*, 2011 WL 1097638, at *2.

[21] *Id*.

[22] Tr. at 16.

[23] *Id.*

[24] *Id.* at 13-14. Noting explicitly that "claimant's variously described mental impairments do not satisfy the severity required under §§ 12.03, 12.04, or 12.08...."

[25] *Id.* at 146.

levels.[26] In addition, when Roberson was 11 years old and in the seventh grade, he tested at 71 on the Wechsler Intelligence Scale for Children.[27]

On the record as stated above, the Commissioner makes several arguments to excuse the absence of any discussion as to the listing at § 12.05: (1) the 2008 IQ scores below 70 were not valid; (2) the childhood IQ score is not a valid measure of his current IQ; (3) Roberson never raised § 12.05C during the hearing; and (4) the error was harmless because the RFC provided for no more than three-step instructions.[28] None of those arguments are persuasive.

### *1.  The alleged invalidity of the 2008 scores*

First, as to the validity of the 2008 scores, the Commissioner cites to the ALJ's comment that because "it was questioned whether [Roberson] was malingering [during the IQ testing]," the resulting IQ scores "do not appear to be valid."[29] Two of the three score obtained from the 2008 test were below 70, with one score below 60. The third and highest score was 71. The Sixth Circuit in *Abbott* teaches that where more than one score is derived from an IQ test, "the *lowest* of these is used in conjunction with listing 12.05."[30] Thus, in this case, the score to be addressed was a verbal IQ of 59, or fully 11 points below the upper limit

---

[26] *Id*. at 147.

[27] *Id*. at 144.

[28] ECF # 17 at 9-13.

[29] *Id*. at 16.

[30] *Abbott*, 905 F.2d at 925 (emphasis added).

for meeting the listing for § 12.05C, and at a level sufficient of itself to potentially find that Roberson met the listing for § 12.05B. In addition, the 59 score was 12 points below the performance IQ score of 71 from the same test.

As noted, the ALJ concluded that these 2008 scores "do not appear to be valid" because of a single reference to "malingering."[31] While it is certainly possible for an ALJ to disregard as invalid IQ scores that would normally be the basis for a finding of disability, as the Sixth Circuit recently re-emphasized, such a finding is proper "when those scores are undermined by a doctor's full evaluation."[32] With a bare reference to a single comment from a report, it is clear that the ALJ here was not relying on a doctor's "full evaluation" to invalidate the two IQ scores from 2008. Alternatively, IQ scores may also be deemed invalid upon consideration of medical and non-medical sources providing "detailed descriptions of the individual's activities of daily living," although care must be taken in drawing the conclusion that any particular activity is necessarily inconsistent with an IQ score.[33] Here, once again, the opinion of the ALJ makes no effort to compare details from Roberson's proven activities with the 2008 IQ scores as a means to establish that the scores are invalid.

---

[31] The ALJ cited no basis in the record for that finding, but the Commissioner states that it is grounded in the psychiatric evaluation report by Dr. Aileen Hernandez. In that 2009 report, Dr. Hernandez noted the 2008 IQ test results and stated that "Dr. Aronoff question[s] whether Mr. Roberson was malingering based on his report of stealing as a result of command hallucinations, which are self serving, and his description of cars talking, which is atypical." Tr. at 355.

[32] *Dragon v. Comm'r of Soc. Sec.*, No. 09-4489, 2012 WL 987758, at *7 (6th Cir. March 26, 2012) (citation omitted).

[33] *Id.* (citations omitted).

Thus, I find that there is not substantial evidence for the ALJ to find that the 2008 IQ scores were invalid.

*2.    The childhood IQ scores*

The Commissioner argues that the IQ scores from when Roberson was 11 years old do not indicate his current mental status.[34] While true, it is beside the point. The scores from Roberson's youth, together with his school history cited earlier, are evidence, unaddressed by the ALJ, that could establish that Roberson meets the listings at § 12.05B or § 12.05C by showing that his adaptive functioning deficits manifested themselves before he was 22. As such, it is, contrary to the Commissioner's assertion, potentially very relevant to his claim here.

*3.    Roberson never raised § 12.05 during the hearing*

To the extent that the Commissioner here contends that Roberson needed to have argued at the hearing that he met the listing at § 12.05 in order for the ALJ to have any obligation to address it,[35] I note that my reading of *Isham v. Astrue* is to the contrary.[36]

*4.    Harmless error*

As regards harmless error for the failure of the ALJ to analyze Roberson's claims under § 12.05, I note first, as stated above, that, consistent with *Isham*, when there is an

---

[34] ECF # 17 at 10.

[35] *See*, ECF # 17 at 12.

[36] *Stearns*, 2011 WL 1097638, at *3. Where there is an IQ score under 70, the ALJ is required under the reasoning of *Isham* to analyze whether the claimant meets the listing at § 12.05 "regardless of how the clam was argued, with failure to do so requiring a remand."

-9-

on-the-record IQ score below 70, "there is a mandatory procedural requirement" that the ALJ analyze whether the listing at § 12.05 is met.[37]  Moreover, if there is evidence in the record to support one criteria for meeting the listing, "the lack of articulated reasons by the ALJ as to why there is no disability under the listing denotes a lack of substantial evidence in support of the decision, even where the conclusion may otherwise be justified by later recourse to the entire record."[38]

Therefore, I do not find that the lack of articulation here is harmless error.

## Conclusion

In sum, although Roberson has raised additional issues, I find, for the reasons stated above, that the matter must be remanded for additional proceedings.  The record is not sufficiently developed, particularly as to the relationship, if any, between any mental limitations and substance abuse, so as to warrant a direct award of benefits.

For purposes of any potential application for attorney's fees under the Equal Access to Justice Act,[39] the Court concludes that the position of the Commissioner was substantially justified.

IT IS SO ORDERED.

Dated:   March 30, 2012                                    s/ William H. Baughman, Jr.
                                                          United States Magistrate Judge

---

[37] *Id*., at *2 (citation omitted).

[38] *Id*. (citation omitted).

[39] 28 U.S.C. § 2412(d)(1)(A).

-10-